IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VALERIE L. BURDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:14cv915-SRW |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

### **MEMORANDUM OPINION**

Plaintiff Valerie L. Burden commenced this action on September 3, 2014, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying her claim for a period of disability and disability insurance benefits. On March 22, 2013, the Administrative Law Judge ("ALJ") issued an adverse decision.[1] The Appeals Council denied plaintiff's request for review, and the ALJ's written decision is the Commissioner's final determination. As this court has previously observed, "[w]here, as here, the plaintiff [also] challenges the Commissioner's decision on grounds arising subsequent to the ALJ's decision, the court's review necessarily extends to the action of the Appeals Council." Cintron v. Colvin, 2013 WL 3791511, at *2 (M.D. Ala. 2013) (citing Ingram v. Commissioner of Social Security Administration, 496 F.3d 1253, 1262-66 (11th Cir. 2007) and Sneed v. Barnhart, 214 F. App'x 883, 885 (11th Cir. 2006)). This case is

---

[1] Plaintiff was not represented by an attorney at the hearing before the ALJ. In his written decision, the ALJ observed that "George Taylor, a non-attorney representative, represents [plaintiff]." (Doc. # 16-2 at p. 21).

1

ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c).  For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed and this cause remanded for further proceedings.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Richardson v. Perales, 402 U.S. 389, 390 (1971); Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. It is "more than a scintilla, but less than a preponderance." Id.  A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  In other words, this court is prohibited from reviewing the Commissioner's findings of fact *de novo*, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the Commissioner's legal conclusions *de novo* because no presumption of validity attaches to the Commissioner's determination of the proper legal standards to be applied. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If the court

finds an error in the Commissioner's application of the law, or if the Commissioner fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the Commissioner's decision. Cornelius v. Sullivan, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## DISCUSSION

Plaintiff filed an application for disability and disability insurance benefits, alleging that her disability began on August 1, 2009. At the first step of the sequential process, the ALJ determined that plaintiff met the insurance requirements of the Social Security Act through December 31, 2016. At step two, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Proceeding to the third step, the ALJ found that plaintiff suffers from the following severe impairments: major depressive disorder, posttraumatic stress disorder, anxiety disorder NOS, and mild obesity. At step four, the ALJ concluded that none of the plaintiff's severe impairments, individually or collectively, meets a listed impairment in 20 C.F.R. pt. 404, subpt. P, app. 1 (2014). At step five, the ALJ developed a residual functional capacity ("RFC") assessment restricting plaintiff to light work with certain limitations and found that plaintiff cannot return to her past relevant work. On consideration of the RFC, the plaintiff's age, education, work experience, and the testimony of a vocational expert, the ALJ determined that there are jobs existing in significant numbers in the national and local economy that plaintiff can perform given her limitations. The ALJ concluded that plaintiff is not disabled.

Plaintiff argues, *inter alia*, that the Commissioner erred by failing to consider the impact of the side effects of plaintiff's prescribed medications on her ability to work. In

3

this case, the ALJ elicited testimony from the plaintiff regarding side effects from her medication, which include psychotropic drugs and at least one benzodiazepine. Plaintiff testified that Seroquel and Klonopin cause her to be sleepy and "dizzy a lot." (Tr. 47). She further testified that her prescription medications negatively impact her ability to focus and that the Klonopin makes her "jittery." (Tr. 49). There is medical evidence of record, as noted by the Commissioner, that plaintiff reported side effects to physicians. (Doc. # 15 at p. 11). The Commissioner does not dispute that the ALJ did not make findings about whether side effects affected plaintiff's work-related activities.

Because some medical evidence of record supports the plaintiff's claim of adverse side effects from her medications, the ALJ is not absolved of the duty to assess the possible limitations and whether the side effects either "render [the plaintiff] disabled or at least contribute to a disability." Harris v. Astrue, 2010 WL 3583047, at *6 (M.D. Ala. 2010) (quoting Cowart v. Schweiker, 662 F.2d 731, 737 (11th Cir. 1981)); *cf.* Peacock v. Astrue, 2008 WL 2074426, at *7 (M.D. Ala. 2008) (an ALJ does not err by failing to discuss whether medication side effects affect a claimant's ability to work where there is a "lack of medical records indicating that [the claimant's] medication caused any debilitating side effects."). As discussed in Harris:

> The ALJ is responsible for making a finding regarding the side effects [claimant] alleges. See McDaniel v. Bowen, 800 F.2d 1026, 1032 (11th Cir.1986). It is not appropriate for the court to assume the role of the ALJ. See Id. However, the court will uphold the ALJ's decision even if his reasoning is not ideally clear. Dixon v. Astrue, 312 Fed. Appx. 226, 229 (11th Cir. 2009). The ALJ, however, must give the court some indication that he considered the side effects of [claimant's] medications on her ability to work. In this case, the ALJ gave the court nothing at all. Accordingly, upon remand,

> the Commissioner should make findings regarding the alleged side effects of [claimant's] medication on her ability to work.

Harris, 2010 WL 3583047, at *7. Such is the case here.

In addition, because plaintiff was not represented by an attorney, the ALJ had a duty to ensure a fully developed record before making his findings. Social Security proceedings "are inquisitorial rather than adversarial." Sims v. Apfel, 530 U.S. 103, 111 (2000). The ALJ thus has the responsibility "to investigate the facts and develop the arguments both for and against granting benefits." Id. (citing Richardson v. Perales, 402 U.S. 389, 400-01 (1971)). The ALJ's duty to "fully and fairly develop the record," Coward v. Schweiker, 662 F.2d 731, 735-36 (11th Cir. 1981), exists whether or not the applicant is represented. Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995). When the claimant is unrepresented, however, the ALJ's duty is heightened. See Smith v. Schweiker, 677 F.2d 826, 829 (11th Cir. 1982).

The ALJ must specifically "develop the claimant's complete medical history for at least the 12 months preceding the month in which the application was filed, and … make every reasonable effort to help a claimant get medical reports from the claimant's own medical sources when permission is given." Robinson v. Astrue, 235 F. App'x 725, 727 (11th Cir. 2007) (citing 20 C.F.R. § 416.912(d)). The ALJ should re-contact medical sources when the evidence received from that source is inadequate to determine whether the claimant is disabled. See 20 C.F.R. §§ 404.1512(e), 416.912(e). "Nevertheless, the claimant bears the burden of proving that [she] is disabled, and, consequently, [she] is

5

responsible for producing evidence in support of [her] claim." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (*per curiam*).

In this case, once the plaintiff raised the issue of medication side effects, and because there is medical evidence of record to support her testimony—however "scant" that evidence is in the view of the Commissioner in the present case—the ALJ had a duty to make findings about the impact of those alleged side effects on plaintiff's ability to work and to ensure that the medical record was adequately developed for the purpose of making a disability determination.

## CONCLUSION

Accordingly, for the reasons discussed, the decision of the Commissioner will be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) by separate judgment so that the Commissioner can conduct additional proceedings consistent with this opinion. Because of this conclusion, the court does not address the remaining issues raised by plaintiff. The court expects that the Commissioner will consider plaintiff's arguments as to those issues on remand, and will develop the record as is necessary in areas not expressly considered in this opinion.

DONE, this the 31st day of March, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge